UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELRICK COOPER, #190929,

        Petitioner,

                              CASE NO. 5:13-CV-15296
v.                        HONORABLE JOHN CORBETT O'MEARA

CARMEN PALMER,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Elrick Cooper ("petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. The petitioner was convicted of armed robbery, MICH. COMP. LAWS § 750.529, and possession of a firearm during the commission of a felony ("felony firearm"), MICH. COMP. LAWS § 750.227b, following a jury trial in the Saginaw County Circuit Court. He was sentenced to 25 to 50 years imprisonment on the armed robbery conviction and a consecutive term of two years imprisonment on the felony firearm conviction in 2010.

In his pleadings, the petitioner raises claims concerning the sufficiency of the evidence for his felony firearm conviction and the effectiveness of trial counsel relative to the jury instructions. For the reasons set forth herein, the court finds that those claims lack merit and denies the habeas petition. The court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.     Facts and Procedural History

The petitioner's convictions arise from a party store robbery in Saginaw, Michigan on October 8, 2007. The Michigan Court of Appeals provided a factual summary, which is presumed correct on habeas review. *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009) (citing 28 U.S.C. § 2254(e)(1); *Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd*, 41 F. App'x 730 (6th Cir. 2002). Those facts are as follows:

> On October 8, 2007, a man wearing a ski mask and appearing to wield a small handgun robbed the Fast Lane Drive–Thru Party Store at 1200 State Street in Saginaw. Police responded to the scene and, based on the reports of witnesses who observed the robber flee the scene, were able to track defendant down at a nearby apartment. While a search of this apartment was conducted, defendant was detained. Police found money hidden behind the refrigerator and inside a fuse box, as well as a number of items lying on the ground outside an open bathroom window, including a ski cap and a small handgun. Defendant was then taken into custody.
>
> At trial, the prosecution presented DNA evidence from sweat found on the ski cap, handgun, and a "do rag." Although the results from the handgun were inconclusive, the results from the cap and do rag were highly consistent with defendant's DNA. The forensic scientist who collected the DNA swabs from the handgun and the other items also testified that the trigger on the handgun had been welded shut and that, to her knowledge, the operability of the handgun had not been tested by the police. Defendant was convicted as charged . . . .

*People v. Cooper*, No. 296677, 2011 WL 6785982, *1 (Mich. Ct. App. Dec. 27, 2011) (unpublished).

Following his convictions and sentencing, the petitioner filed an appeal of right with the Michigan Court of Appeals raising the same claims presented on habeas review. The court determined that the claims lacked merit and affirmed the petitioner's convictions. *Id*. at *1-2. The petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Cooper*, 493 Mich. 917, 823 N.W.2d 568 (2012).

The petitioner thereafter filed his federal habeas petition raising the following claims as grounds for relief:

I. He was deprived of his constitutional right to due process of law by being convicted of possession of a firearm during the commission of a felony where the "firearm" possessed had been modified permanently by welding the trigger mechanism in place.

II. He was deprived of the effective assistance of counsel by his attorney's failure to request an instruction to the jury that either defined "firearm" in the language of MCL 750.22(d) or the language of the Supreme Court in *Peals*, including that concerning substantial alteration in footnote 7.

The respondent has filed an answer to the petition contending that it should be denied because the claims lack merit.

### III. Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per

curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme

4

Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing

5

evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

**IV.     Analysis**

    **A.     Sufficiency of the Evidence Claim**

The petitioner first asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his felony firearm conviction. In particular, the petitioner argues that the firearm had been modified by welding the trigger mechanism in place such that it was inoperable and was not a firearm as defined by state law.

The federal due process clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A federal habeas court views this standard through the framework of 28 U.S.C. § 2254(d). *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Thus, under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review – the factfinder at trial and the state court on appellate review – as long as those determinations are reasonable. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). Furthermore, the *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443

U.S. at 324 n. 16). "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). Accordingly, the "mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

Under Michigan law, the elements of felony firearm are that the defendant possessed a firearm during the commission of, or an attempt to commit, a felony offense. MICH. COMP. LAWS § 750.227b; *People v. Akins*, 259 Mich. App. 545, 554, 675 N.W.2d 863, 873 (2003) (quoting *People v. Avant*, 235 Mich. App. 499, 505, 597 N.W.2d 864, 869 (1999)). Operability is not an element of the offense. *See People v. Peals*, 476 Mich. 636, 642, 720 N.W.2d 196, 199 (2006) (ruling that a felony firearm conviction does not require proof that the firearm was "operable" or "reasonably or readily operable" but requires only that the weapon "be of a type that is designed or intended to propel a dangerous projectile"). Direct or circumstantial evidence and reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense. *People v. Nowack*, 462 Mich 392, 399-400, 614 N.W.2d 78, 81 (2000); *People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177, 180 (1993).

The Michigan Court of Appeals denied relief on this claim. The court explained:

Defendant first argues on appeal that he could not be legally convicted of felony-firearm because the trigger mechanism on the weapon had been welded shut. We disagree. MCL 750.222(d) defines "firearm" in part as "a weapon from which a dangerous projectile may be propelled by an explosive, or by gas or air." Thus, the statute does not require the current operability of the weapon." *People v. Peals*, 476 Mich. 636, 653; 720 NW2d 196 (2006). Defendant relies on obiter dictum from *Peals* to assert that his inoperable weapon does not constitute a firearm under MCL 750.222(d). In footnote seven, the Supreme Court recognizes that there could be situations where an inoperable firearm would not satisfy the statutory definition because of the design or alteration:

7

> While the statute does not contain an operability requirement, it is possible that a firearm could be so substantially redesigned or altered that it would cease to be a "firearm" under the statutory definition. It would no longer be a weapon whose design was such that a dangerous projectile "may be propelled" by an explosive, gas, or air. For example, an antique cannon plugged with cement on display in a park would not constitute a "firearm" under MCL 750.222(d). That is because the cannon has been converted into an ornamental display, and it is no longer the type of weapon that is used or designed to propel dangerous projectiles by an explosive or by gas or air. We emphasize, however, that the operability of the weapon is not the statutory test; rather, the question is whether the weapon has been so substantially redesigned or altered that it no longer falls within the category of weapons described in MCL 750.222(d). [*Id*. at 652 n 7.]
>
> Unlike the hypothetical cannon referred to in *Peals*, however, the handgun in this case had not been redesigned or altered in a way to remove it from the statutory definition. "That a gun is inoperable does not alleviate the extreme danger posed by its possession in these circumstances." *Id*. at 653.

*Cooper*, 2011 WL 6785982 at *1-2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The prosecution presented sufficient evidence to establish the petitioner's guilt of felony firearm through the testimony of the robbery victims and other witnesses, as well as reasonable inferences from that testimony. A victim's testimony alone can be constitutionally sufficient to sustain a conviction. *See Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008) (citing cases). Considered in a light favorable to the prosecution, such evidence was sufficient to show that the petitioner used a firearm during the commission of the crime.

The petitioner asserts that the prosecution failed to prove that the gun was operable and still constituted a firearm under the felony firearm statute due to its welded trigger. As discussed *supra*, however, Michigan law does not require a showing of operability and only requires a showing that the weapon "be of a type that is designed or intended to propel a dangerous projectile." *Peals*, 476

8

Mich. at 642, 720 N.W.2d at 199. As the state appellate court found, the recovered handgun, even with a welded trigger, had not been so re-designed or altered in a way to remove it from the statutory definition of a firearm. In short, the handgun still constituted a firearm under state law. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (state courts are the final arbiters of state law); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). The victims' and the other witnesses' testimony provided sufficient evidence to establish that the weapon was a firearm within the meaning of the felony firearm statute. The jury's verdict, and the Michigan Court of Appeals' decision affirming that verdict, were reasonable. The evidence presented at trial, viewed in a light favorable to the prosecution, established beyond a reasonable doubt that the petitioner committed the crimes of which he was convicted, including felony firearm. Habeas relief is not warranted on this claim.

      **B.**      **Ineffective Assistance of Counsel Claim**

The petitioner relatedly asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to request a jury instruction that either defined "firearm" in the language of MICH COMP LAWS § 750.222(d) or in the language of the Michigan Supreme Court's decision in *Peals*, including the substantial alteration language of footnote 7.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was

deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id*.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id*. at 689. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the disputed actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id*. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were

10

reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland'*s deferential standard." *Id*. at 788.

The Michigan Court of Appeals denied relief on this claim. The court stated:

Because the handgun used by defendant constitutes a firearm under MCL 750.222(d), we necessarily reject defendant's assertion that counsel rendered ineffective assistance by failing to request that the jury be instructed that the weapon used by defendant met the substantial alteration exception carved out in *Peals*. See *People v. Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998).[FN1]

> FN1. Derivative of his argument with respect to *Peals*, defendant refers to instructing the jury using the language of MCL 750.222(d). Having failed to show that the dictum of footnote seven is applicable, the court's instructing in accord with the statute and its judicial interpretation was not erroneous. *See People v. McGhee*, 268 Mich App 600, 606; 709 NW2d 595 (2005).

*Cooper*, 2011 WL 6785982 at *2.

The state court's decision is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts. The petitioner cannot demonstrate that trial counsel erred and/or that he was prejudiced by counsel's conduct given the state court's determination that the weapon used was a firearm within the meaning of the felony firearm statute. Counsel cannot be deemed deficient for failing to make a futile or meritless request. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). Moreover, the record reveals that the trial court properly instructed the jury on the elements of the offenses, including felony firearm. The petitioner fails to establish that trial counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

## V.       Conclusion

For the reasons stated, the court concludes that the petitioner's claims lack merit and that the habeas petition must be denied.

Before the petitioner may appeal the court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having conducted the requisite review, the court concludes that the petitioner fails to make a substantial showing of the denial of a constitutional right. No certificate of appealability is warranted. Nor should the petitioner be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed in forma pauperis on appeal is **DENIED**.

s/John Corbett O'Meara
United States District Judge

Date:  May 1, 2015

      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 1, 2015, using the ECF system and/or ordinary mail.

                                      <u>s/William Barkholz</u>
                                      Case Manager